STATE v. MARION BUTLER and LESTER F. BUTLER.

(Filed 3 November, 1909.)

1. Admissions—Subsequent Trial—Incompetency.

Admissions made by defendants' counsel in their presence, for the purpose of preventing a continuance of the preliminary hearing of an indictment against them, are inadmissible under defendants' objection in the Superior Court, the object and reason for their admission having ceased.

2. Libel—Judgments—Dicta—Evidence.

In an action for libel, brought in the State court, for publishing that one A., while judge of a certain special United States court, was corruptly influenced in his judgment in allowing certain fees to attorneys in disproportion to the value of the services rendered, the opinion of a Justice of the Supreme Court of the District of Columbia, delivered in an action to enjoin the payment of the fee, in which he stated as his opinion, that the fees were reasonable is incompetent as evidence, particularly in view of the decision of such Justice that his Court had no jurisdiction to pass upon the fee.

APPEAL by defendants from *Long, J.,* March Term, 1909, of GUILFORD.

This was an indictment for libel. The bill of indictment charged, in proper form, the defendants with a publication, on 23 April, 1908, in a newspaper, called *The Caucasian,* published in Raleigh, N. C., of a false, scandalous and libellous article, set forth in the bill, concerning and about Spencer B. Adams, charging the said Adams with being corruptly influenced in his judgments while Chief Judge of the Choctaw and Chicasaw Citizenship Court, created by act of the Congress of the United States, for the purpose of determining the status of certain Indians as members of the Choctaw and Chicasaw tribes of Indians. Upon the plea of not guilty, entered by each of the

STATE *v.* BUTLER.

defendants, they were tried, found guilty by the jury, judgment pronounced, and the defendants appealed to this Court.

*Attorney-General, Stedman & Cooke, J. A. Long, R. C. Strudwick* and *G. S. Bradshaw* for the State.

*Aycock & Winston, W. S. O'B. Robinson* and *Justice & Broadhurst* for defendants.

MANNING, J.   Having reached the conclusion that, on the two questions herein considered, the learned trial judge committed error prejudicial to the defendants, entitling them to a new trial, we do not deem it necessary to pass upon the other questions presented upon the record ·and argued before us with ability and learning.   These questions may not be presented upon another trial.   At the trial the learned judge permitted the State, over defendants' objection, to offer certain admissions of their attorneys at the preliminary hearing of the warrant issued by the justice of the peace.   It appears, from all the witnesses examined about this matter, that on the day set for this preliminary hearing the prosecution asked for a continuance to enable it to secure from the office of the Secretary of State certain statements made, as required by section 1152, Revisal, by the Caucasian Publishing Company; that these statements were material, as "the State expected to prove by said documents the connection of the defendants with *The Caucasion* newspaper and the publication by them therein of the alleged libel."   The attorneys of the defendants (they being present), in order to secure a hearing without delay and prevent a continuance, admitted that "the defendant L. F. Butler was managing the editorial department of *The Caucasian,* and the defendant Marion Butler was connected therewith at the time of the publication."   At the trial in the Superior Court, upon indictment found, the State offered in evidence, prior·to the offer of these admissions, the statements made by the Caucasian Publishing Company, for the absence of which it had moved for a continuance at the preliminary hearing.   It is manifest from this that the State was not misled, by the admission before the justice of the peace, into an omission to have these statements at the trial in the Superior Court.   We do not think these admissions made, under the circumstances and for the purpose stated, ought to have been received.   In Weeks on Attorneys at Law, sec. 223, p. 393, the author says: "In criminal cases admissions are not admissible unless made at the trial by the defendant or his counsel."   As sustaining this doc-

151—43

trine the learned author cites *Reg v. Thornhill,* Car. & P., 575. That was an indictment for perjury, tried before *Lord Abinger.* The report of the case states: "The case comes on to be tried as a traverse on the crown side of the assizes, and before trial it had been agreed between the attorneys on both sides that the formal proofs on the part of the prosecution should be dispensed with, and that that part of the case for the prosecution should be admitted. *Lord Abinger, C. B.* In a criminal case, tried on the crown side of the assizes, I cannot allow any admission to be made on the part of the defendant, unless it is made at the trial by the defendant or his counsel. C. Phillips, for the prisoner, declined making any admission, and, the formal proof not being complete, *Lord Abinger, C. B.,* directed an acquittal."

In *Weisbrook v. Railway,* 20 Wis., 441, the Court, in speaking of admissions by an attorney at a former trial, said: "Such admissions are frequently made for the purpose of saving time, where counsel are confident of success upon some other points; and, when so made, they are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial. Such was the character of the admissions proved, and the court erred in receiving it as evidence of the amount of damages to be recovered by the plaintiff upon a new trial." In speaking upon the same subject, the Supreme Court of Illinois, in *Hardin v. Fosythe,* 99 Ill., 312, said, at p. 324: "The admission was made only on and for the trial, at the time it was made, and could not be used on a subsequent trial without the consent of defendants." In *People v. Garcia,* 25 Cal., 531, the Court, in passing upon the ruling of the trial court receiving as evidence, without objection, admissions made at the commencement of the trial, said: "The admission was a solemn admission, of record, of a fact at the commencement of the trial, *and for the purpose of the trial,* by the prisoner's counsel, in open court, in his presence, and, we must presume, with his consent." *People v. Hobson,* 119 Cal., 424; *Wilkins v. Stidger,* 22 Cal., 232. In *Guy v. Manuel,* 89 N. C., 83, the admission under the consideration of the court was an admission in the answer filed in the action, and this Court quoted with approval the following language from Taylor on Ev., sec. 700 (772): "The admissions of *attorneys of record* bind their clients in all matters relating to the progress and trial of the cause. In some cases they are conclusive, and may even be given in evidence upon a new trial, though previously to such trial the party give notice that he intends to withdraw them, or, though the pleadings be altered, provided the alterations do not relate to the

STATE v. BUTLER.

admissions. But to this end they must be distinct and formal, or such as are termed solemn admissions, made för the express purpose of relaxing the stringency of some rule of practice, or of dispensing with the formal proof of some *fact at the trial."* In *Cutler v. Cutler,* 130 N. C., 1, this Court held that an admission of fact, made to prevent a continuance for the absence of a witness, cannot be used in a subsequent trial, the witness then being present. "As the reason ceased, the admission should have ceased." The error in admitting this evidence was not cured by the charge of the judge to the jury, leaving it to the jury to determine the extent and purpose of the admission. The learned judge should have excluded the admission of the defendants' attorneys, made under the circumstances as testified to by the witnesses.

The record of the trial, as presented to this Court, contains the following: "The State offered in evidence a duly certified copy of the opinion of *Judge Anderson,* Justice of the Supreme Court of the District of Columbia, in the case of *Richard Mc-Lish et al. v. Leslie M. Shaw, Secretary of the Treasury of the United States, et al.* The defendants had offered evidence tending to show that this suit had been brought to enjoin the payment of the fee allowed to Mansfield, McMurray & Cornish by the said Citizenship Court, and the said opinion offered was the opinion of the court, disposing of said application for an injunction. The opinion is copied in full, and concludes as follows: "An order to that effect will be signed by the court." This opinion was not the formal judgment of the court; it contained the reasons moving the judge to render the judgment ordered to be prepared. It was not a part of the record proper. The libellous publication charged in the indictment contained the accusation against Judge Adams of receiving, with the other members of the Choctaw and Chicasaw Citizenship Court, part of the fee of $750,000 allowed by said court to said firm of attorneys, and to enjoin the payment of which by the Secretary of the Treasury of the United States the suit of *Richard McLish et al. v. Leslie M. Shaw, Secretary of the Treasury of the United States, et al.,* had been instituted and disposed of by the Supreme Court of the District of Columbia. In the opinion of *Judge Anderson* he disposes of the question of fraud, upon the ground that the averments of the facts were not sufficiently or properly stated in the bill, and further expressed the opinion that while the power to fix the attorney's fee had been by act of Congress vested in the Choctaw and Chicasaw Citizenship Court, and he was concluded by its finding and judgment in the matter, he gives it as his

opinion that the fee allowed was very reasonable. The opinion of the judge being incompetent as evidence, this extract from it shows that it was prejudicial to the defendants at the trial and should have been excluded from the consideration of the jury. The defendants were not parties to that suit, nor does it appear that they had anything to do with it. "The office of a judicial opinion, under the common-law system, is to set out the grounds upon which a legal controversy is decided in favor of one litigant and against the other, and incidentally to serve as a guide for determining similar controversies in the future." 6 Am. & Eng. Enc., 1065. The opinions of the highest appellate court of a State are permitted to be used as evidence to ascertain, in the absence of legislative enactment, what the law of another State is, and the construction of its statutes and Constitution when these are pertinent, and in limited instances, under legislative sanction, when they are required as advisory of public officers in the discharge of their duties. *Hancock v. Tel. Co.,* 137 N. C., 497, and other cases. In these instances, and possibly in a few others, the opinions of a judge delivered in a judicial or *quasi* judicial proceeding may be used, but none of these sanction the use of them as evidence in a case like this. If the opinion offered had been written by the Court, of which Judge Adams was a member, or written by him, or concurred in by him, other principles of the law of evidence would have applied.

For the errors pointed out, the defendants are entitled to a New trial.