CHESTER D. TURNER ET AL. v. SOUTHEASTERN GRAIN AND LIVE-STOCK COMPANY ET AL.

(Filed 21 April, 1920.)

**1. Evidence—Admission—Title to Lands—Judgments—Appeal and Error.**

Where, during the admission of evidence in the course of the trial involving title to several tracts of land, the plaintiff solemnly admits the title in the defendant to one of the tracts, and makes no claim that it was through inadvertence or mistake, or that it was not in accordance with the truth, he will be bound by his admission, and his exception to the judgment upon the ground that the trial judge had not permitted him to withdraw his admission, will not be sustained on appeal.

**2. Pleadings—Counterclaim—Independent Action—Lands—Title—Possession—Equity.**

Where the plaintiff alleges the ownership of several tracts of land in controversy and the defendant alleges that he is the owner and in possession thereof, without further allegations entitling him to any equitable relief, or claim amounting to a cloud upon his title, the answer does not raise a counterclaim requiring the plaintiff to reply, or entitling the defendant to judgment for plaintiff's failure to have done so, the test of a counterclaim being whether the allegations are sufficient for the defendant to have maintained an independent action thereon.

APPEAL by both parties from *Connor, J.,* at the February Term, 1920, of CRAVEN.

This is an action to recover land.

The plaintiffs filed their complaint alleging the ownership of the land and the defendants filed answer denying the material allegations of the complaint, and pleading as a counterclaim the following:

"24. That they were at the time of bringing this action, and are now, the owners in fee simple and in possession of the land claimed by the plaintiffs, and they plead said ownership as a counterclaim; wherefore, defendants demand judgment that they go without day as to plaintiffs' claim, and that they be adjudged the owners in fee simple of the lands claimed by plaintiffs, and that they recover cost and have general relief."

The plaintiffs failed to file a reply to the answer, and the defendants moved for judgment upon the alleged counterclaim for want of a reply, which was refused, and the defendants excepted.

During the progress of the introduction of evidence the plaintiff solemnly admitted in open court that the defendants were the owners in fee simple and in possession of the home tract No. 1 described in the deed, a certified copy of which was then and there introduced by the plaintiffs from Wm. M. Jones, surviving executor of Lawrence J. Haughton, deceased, and others, to C. E. Foy, J. W. Stewart, T. A. Uzzell, and W. S. Chadwick, dated 15 October, 1912, and registered in the office of the register of deeds of Jones County, North Carolina, in Book 60, page 396, and particularly described in said deed, containing 7,850 acres, more or less. And said admission was taken down in a very short form by the official court stenographer at the time the same was made a solemn admission of the plaintiffs in the course of the trial, and in the judgment entered it was adjudged on said admission and the reference to the same matter in the consolidated complaint that the defendants had title to and were in possession of said tract of land to which said admission referred.

During said term of the court, and some days after the trial of said cause in which his Honor had directed that a judgment as of nonsuit be drawn as to all the remaining matters involved in plaintiff's complaint, plaintiffs in open court gave a general notice of appeal, and had entry made affecting the same. The court had up till this time held open the matter of signing the judgment at the request of the plaintiffs, so that they might consider the matter involved and confer with such counsel as they saw fit. Later during the term his Honor signed the judgment set out in the record and also signed the statement of the case on appeal of defendants set out in the record of defendants' appeal.

At said time plaintiffs' counsel appeared in open court and stated that he wished all of his entries as to the appeal and notice of appeal that had been entered stricken out, and it was so ordered, and stated that he would rely upon the notice of appeal in writing to be served by him, and that he did not desire to appeal from so much of the judgment as granted a nonsuit against the plaintiffs, but only from that part adjudging the defendants the owners of said tract No. 1 in said deed from Wm. M. Jones, executor, and others, to C. E. Foy, J. W. Stewart, T. A. Uzzell, and W. S. Chadwick, and that he then there desired to repudiate said admission. His Honor later refused to permit him to repudiate it, and entered up judgment.

It was adjudged by the court that the defendants were the owners of the land covered by admissions of the plaintiffs, and that the plaintiffs be nonsuited as to the remainder of the land.

Both the plaintiffs and the defendants appealed from the judgment.

The plaintiffs assign as error his Honor's rendering judgment in favor of the defendants for the 7,850-acre, more or less, tract of land described in exception 1 above.

The defendants assign as error the failure to enter judgment in their behalf for all of the land described in the complaint, because of the failure of the plaintiffs to file a reply.

*Frank Nash and C. D. Turner for plaintiffs.*

*D. L. Ward, T. D. Warren, Guion & Guion, Moore & Dunn, and Ward & Ward for defendants.*

ALLEN, J. The plaintiffs do not note any exception in the record to the refusal of his Honor to strike out the admission solemnly made, and the only question therefore presented by their appeal is whether the admission, which it is not alleged was inadvertently made, or by mistake, or that it is not according to the truth, is sufficient to sustain the judgment.

It has been long recognized with us that admissions made by counsel during the progress of a cause, and to facilitate the trial, are binding upon the parties, and if this were not so, much time would be consumed in proving facts about which there is no controversy.

· It not infrequently happens in the course of an action to try the title to land that the plaintiff introduces a great number of deeds in his chain of title in which the descriptions are not always identical, and that the defendant's counsel, knowing that the deeds cover the land, do not require proof of identification, and in this way much time can be saved, and so it is in the trial of other actions.

In *Fleming v. R. R.*, 115 N. C., 693, the Court says of admissions equally as important as the one made in this case:

"When two of the counsel for the defendant admitted in the progress of the trial, on behalf of their client, that the plaintiffs owned and were possessed of the land, it was not error in the court to instruct the jury to respond in the affirmative to the first issue, involving the question of title and possession. In the same way, counsel were bound by their admission that 'Great Swamp was a natural watercourse and drain for said land,' and were not at liberty, after the trial, to except to the instruction to the jury to write the response, in accordance with their express agreement.

"The same principle applies to the consent of counsel given 'in open court, at the close of the charge, that the jury need not respond to each amount of damage separately, if more than one cause of damage was found to exist, but that they might find the aggregate amount for all causes, and respond only to the ninth issue on that question.'"

Again, in *Lumber Co. v. Lumber Co.,* 137 N. C., 438: "Parties undoubtedly have the right to make agreements and admissions in the course of judicial proceedings, especially when they are solemnly made and entered into and are committed to writing, and when, too, they bear directly upon the matters involved in the suit. Such agreements and admissions are of frequent occurrence and of great value, as they dispense with proof and save time in the trial of causes. The courts recognize and enforce them, as substitutes for legal proof, and there is no good reason why they should not. 'Admissions of attorneys bind their clients in all matters relating to the progress and trial of the cause, and are, in general, conclusive.' 1 Greenleaf on Ev., 186. 'Unless a clear case of mistake is made out, entitling the party to relief, he is held to the admission, which the court will proceed to act upon, not as the truth in the abstract, but as a formula for the solution of the particular problem before it, namely, the case in judgment, without injury to the general administration of justice.' *Ibid.,* 206; Wharton on Ev., 1184, 1185, and 1186."

We are, therefore, of opinion that there is no error on the plaintiffs' appeal.

The defendants' appeal presents the simple question as to whether the allegations of the defendant in the answer that they are the owners of the land in controversy and in possession thereof constitute a counterclaim, because if it is a counterclaim it was the duty of the plaintiffs to file a reply thereto, and upon failure to do so the defendants would be entitled to judgment for want of a reply.

"The criterion for determining whether a defense set up can be maintained as a counterclaim is to see if the answer sets up a cause of action upon which the defendant might have sustained a suit against the plaintiff; and if it does, then such cause of action is a counterclaim; and it must disclose such a state of facts as would entitle the defendant to his action, as if he was plaintiff in the prosecution of his suit, and should contain the substance of a complaint, and, like it, contain a plain and concise statement of the facts constituting a cause of action." *Garrett v. Love,* 89 N. C., 207.

Again, in *Askew v. Koonce,* 118 N. C., 531, it is said: "Unless a defendant has some matter existing in his favor and against the plaintiff, on which he could maintain an independent action, such claim would not be a counterclaim."

Tested by this rule, we are of opinion that the defendants have not alleged a counterclaim.

If they had instituted an independent action alleging simply that they were the owners of the land and in possession it would have been the duty of the court to enter judgment of nonsuit, because if they owned the

land and were in possession, nothing else appearing, they had no cause of complaint.

The case would be different if, as in *Roper Lumber Co. v. Wallace,* 93 N. C., 23, and in *Yellowday v. Perkinson,* 167 N. C., 147, there were allegations entitling the defendants to equitable relief, or if it had been alleged that the plaintiffs were setting up a claim which amounted to a cloud upon their title, but none of these allegations appear in the answer, and as they are relying upon the letter of the law they must abide by it.

Affirmed on both appeals.

The plaintiffs will pay the costs on the plaintiffs' appeal, and the defendants the costs on the defendants' appeal.