W. T. WOOD ET AL. v. W. S. BRASWELL, SHERIFF.

(Filed 24 November, 1926.)

**Constitutional Law—Actions—Hypothetical Questions — Taxation — Appeal and Error.**

The courts will not decide upon the constitutionality of a statute, in this case the question of an inequality of taxation, in an action wherein it is not alleged or shown that the plaintiff has therein been deprived of any of his constitutional rights.

STACY, C. J., concurring.

CIVIL ACTION, before *Lane, J.,* at August Term, 1926, of ANSON.

The plaintiff and others instituted a civil action against the defendant, sheriff of Anson County, to restrain the collection of a license tax of five dollars upon each automobile and motor truck owned by any person, firm, or corporation residing in Anson County. The license tax on automobiles in said county is levied under chapter 511, Public-Local Laws 1925. A temporary restraining order was issued, and upon the hearing before Lane, J., on 30 August, 1926, the following judgment was rendered, from which said judgment plaintiff appealed:

"This cause coming on to be heard, and being heard before his Honor, H. P. Lane, judge, holding the courts of the Thirteenth Judicial District, and after hearing the pleadings and arguments of counsel, it is ordered and adjudged by the court that chapter 511, Public-Local Laws 1925, entitled *'An act to provide funds for road maintenance in Anson County,'* is in all respects, and in all its provisions, constitutional and valid:

"It is further ordered and directed that the sheriff of Anson County proceed to collect all taxes levied pursuant to the provisions of said act and in conformity therewith.

"It is further ordered that the restraining order heretofore issued in this cause, be and the same is hereby discharged and the action dismissed, and the plaintiffs taxed with the cost."

*M. C. Lisk for plaintiff.*
*McLendon & Covington and Robinson, Caudle & Pruette for defendant.*

BROGDEN, J. The plaintiff attacks the constitutionality of chapter 511, Public-Local Laws 1925, upon the ground that it denies the equal protection of the law and discriminates against taxpayers in the county of Anson; and, further, upon the ground that the act in question violates Article II, sec. 29, of the Constitution of North Carolina, which provides, among other things, as follows: "Nor shall the General Assembly enact any such local, private or special act by a partial repeal

of a general law." The general law, C. S., 2612, provides that "no county, city or town shall charge any license or registration fee on motor vehicles in excess of one dollar per annum." Therefore, the plaintiff contends that chapter 511, Public-Local Laws 1925, in attempting to levy a license tax of five dollars on automobiles, repeals, so far as Anson County is concerned, a general law, to wit, C. S., 2612, sec. 2.

The plaintiffs allege in substance that they are residents and taxpayers of Anson County, and that the defendant is the sheriff of Anson County, charged with the duty of collecting taxes levied by the Legislature and board of commissioners of said county. And, further, that the plaintiffs are informed, believe and so allege, that the defendant, sheriff, has collected, and is now attempting to collect, tax as hereinbefore alleged.

The plaintiffs do not allege that they are owners of automobiles or motor trucks, or that the sheriff has collected or is attempting to collect any license tax from these particular plaintiffs. Therefore, there is no allegation that any property right of plaintiffs has been invaded as a result of chapter 511, Public-Local Laws 1925.

In *Moore v. Bell,* 191 N. C., 311, *Connor, J.,* speaking for the Court, says: "The validity of a statute enacted by the General Assembly of North Carolina, declaring certain acts therein defined to be unlawful, and imposing punishment therefor, as crimes, which do not affect property or property rights, and which do not expose to oppression or vexatious litigation one who denies the power of the General Assembly, under the Constitution of the State to enact such statute, in the event that he shall violate its provisions, may not be determined in an action to restrain and enjoin a public officer who is required by the statute to enforce it. The invalidity of a statute, upon the ground that it is in violation of the Constitution of the State, is a good defense upon a prosecution in the courts for a violation of its provisions. Upon such prosecution his plea may be heard; its validity will then be determined by the courts in the exercise of their jurisdiction to see that no person is 'taken, imprisoned, or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land.' We are precluded, upon this appeal, from considering or deciding whether or not the statutes are void for the reasons assigned by plaintiffs." *Thompson v. Lumberton,* 182 N. C., 260; *Turner v. New Bern,* 187 N. C., 548; *Adv. Co. v. Asheville,* 189 N. C., 737.

In *S. v. Corpening,* 191 N. C., 752, *Stacy, C. J.,* says: "The courts never anticipate a question of constitutional law in advance of the necessity of deciding it." *Commissioners v. State Treasurer,* 174 N. C., 148; *Person v. Doughton,* 186 N. C., 725.

As there is no allegation in the complaint and no finding of fact to the effect that any property right of plaintiffs has been invaded, the question presented in this appeal is purely a hypothetical question as to the constitutionality of a statute enacted by the Legislature. This Court, therefore, is precluded from passing upon the constitutionality of said statute, and the judgment is

Affirmed.

STACY, C. J., concurring: By Art. IV, sec. 2, of the Constitution, the judicial power of the State is vested in a court for the trial of impeachments, a Supreme Court, Superior Courts, courts of justices of the peace, and such other courts, inferior to the Supreme Court, as may be established by law; and this power—the power to say, not what the law ought to be, but what the law is—carries with it, not only the authority, but also the duty, to declare acts of the Legislature void when in conflict with the Constitution. *R. R. v. Cherokee County,* 177 N. C., 86. Such authority is inherent in the judicial power and it is obligatory on the courts to declare the law in all cases, when properly presented. But it is only in cases calling for the exercise of judicial power that the courts may render harmless invalid acts of the Legislature; hence, for this reason, they never anticipate questions of constitutional law in advance of the necessity of deciding them; nor do they venture advisory opinions on constitutional questions. *Person v. Doughton,* 186 N. C., p. 725. It is only when the courts are exercising the judicial power vested in them by the Constitution that they are authorized to hold acts of the Legislature in contravention of the organic law. *Adkins v. Children's Hospital,* 261 U. S., 525.