STATE v. WOODROW WILLIAMS.

(Filed 11 December, 1935.)

1. **Statutes A b:  Courts B a—Act providing for establishment of recorder's courts in particular county held unconstitutional.**

    Ch. 286, Public-Local Laws of 1925, providing for the establishment of township recorder's courts in one specified county *is held* unconstitutional and void as being a local act relating to the establishment of courts inferior to the Superior Court, prohibited by Art. II, sec. 29.

2. **Statutes A c—General rules relating to construction of statutes in regard to their constitutionality.**

    The presumption is in favor of the constitutionality of a statute, and when a statute is susceptible to two interpretations, one constitutional and the other not, the constitutional interpretation will be adopted, and no statute will be declared unconstitutional except in a case properly calling for the determination of its validity.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Hill, Special Judge,* at July Special Term, 1935, of CABARRUS.

Criminal prosecution, tried upon a warrant issued by the recorder of No. 4 Township, Cabarrus County, charging the defendant with an assault upon Barney Melton with a deadly weapon, to wit, a pocket knife, inflicting serious injury.

From a verdict of guilty and judgment thereon in the recorder's court, the defendant appealed to the Superior Court, where the matter was tried *de novo* upon the original warrant, again resulting in an adverse verdict and judgment thereon.

In the Superior Court the defendant moved to quash the warrant issued by the recorder of No. 4 Township, on the ground that the act creating said recorder's court was void as violative of Art. II, sec. 29, of the Constitution. Overruled; exception.

From the judgment entered in the Superior Court, the defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*R. R. Hawfield for defendant.*

STACY, C. J. That chapter 286, Public-Local Laws 1925, entitled, "An act to establish township recorder's courts with criminal jurisdiction in Cabarrus County," runs counter to Art. II, sec. 29, of the Constitution, prohibiting the establishment of courts inferior to the Superior Court, by any local, private, or special act or resolution, is the conclusion of the whole matter. *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593; *In re Harris,* 183 N. C., 633, 112 S. E., 425.

This result has been reached after observing the following rules:

1. In considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity. *S. v. Revis,* 193 N. C., 192, 136 S. E., 346; *Sutton v. Phillips,* 116 N. C., 502, 21 S. E., 968; *S. v. Manuel,* 20 N. C., 144.

2. If the act of assembly be fairly susceptible of two interpretations, one constitutional and the other not, in keeping with the rule *in favorem vitœ,* the former will be adopted and the latter rejected. *S. v. Casey,* 201 N. C., 620, 161 S. E., 81; *S. v. Yarboro,* 194 N. C., 498, 140 S. E., 216; *S. v. Revis, supra; Hopkins Fed. S. & L. Asso. v. Cleary,* 296 U. S., 80, Law Ed., 209.

3. The courts will not declare an act of the General Assembly unconstitutional, even when clearly so, except in a case properly calling for the determination of its validity. *Newman v. Comrs. of Vance,* 208 N. C., 675; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

It follows, therefore, that the warrant should have been quashed.

It is provided by the section of the Constitution above mentioned that the "General Assembly shall not pass any local, private, or special act or resolution relating to the establishment of courts inferior to the Superior Court." Chapter 286, Public-Local Laws 1925, is a local act relat-

ing to the establishment of courts inferior to the Superior Court, to wit, township recorder's courts, and is applicable only to Cabarrus County. An act of the General Assembly in conflict with the Constitution is void. *Grimes v. Holmes,* 207 N. C., 293, 176 S. E., 746; *R. R. v. Cherokee Co.,* 177 N. C., 86, 97 S. E., 758; *Atkins v. Hospital,* 261 U. S., 525. The trial in the recorder's court was *coram non judice,* and the warrant was not issued by a proper judicial officer.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.