### STATE v. HENRY GRIER.

(Filed 22 January, 1936.)

**Homicide H c—Where defendant admits guilt of murder in second degree, the court need not charge the elements of this degree of the crime.**

Where, in a prosecution for homicide, the defendant admits his guilt of murder in the second degree, it is not error for the trial court to act upon the admission, and after fully charging the elements of murder in the first degree, and defining murder in the second degree, to instruct the jury to return a verdict of murder in the second degree if they should fail to find any one of the elements of first degree murder, as defined, beyond a reasonable doubt.

APPEAL by defendant from *Phillips, J.,* at June Term, 1935, of FORSYTH. No error.

The bill of indictment charged the defendant Henry Grier with the murder of one Annie Giles, on 5 May, 1935.

The State's evidence tended to show that the defendant (a married man) and deceased had lived together for about four years; that about four months prior to the homicide deceased had left the defendant and had come to live with her sister on East Fourth Street in Winston-Salem; that defendant came to see her there each week. The sister of the deceased testified that nine or ten days before the homicide she heard defendant ask deceased to come back and stay with him again, and that deceased said, "No, she wasn't coming back no more, because it wasn't right to live with him"; that defendant then said, "If you don't come back and stay with me, I am going to kill you," and she replied, "Henry, don't kill me, I want to do right." Thereupon defendant knocked her off the porch and beat her.

The witness further testified that on 5 May, about 8 or 9 p.m., defendant came to the house and went into the room where deceased was, and that in a few minutes she heard deceased say, "Henry, don't," and then a pistol shot and deceased fell to the floor with a bullet in her

brain. When others who were in the house attempted to enter the room defendant said, "Don't come in here, I will kill every one of you," and fired several shots at them.

An examination of the body of deceased showed the bullet had entered her head back of the right ear and had ranged upward into the brain.

The defendant offered no evidence.

During the trial it was admitted by the defendant, through his counsel, that he was guilty of murder in the second degree.

There was a verdict of guilty of murder in the first degree, and from judgment thereon of death by electrocution, defendant appealed.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Slawter & Wall for defendant.*

DEVIN, J. The only question presented by this appeal is whether the trial judge properly instructed the jury as to murder in the second degree.

There is no other assignment of error.

A careful consideration of the entire record, including the accurate and comprehensive charge of the learned judge, satisfies us that the trial was free from error in this or any other respect. The evidence fully warranted the verdict and judgment.

The court below stated the evidence and the contentions of the State and the defendant at length, and properly instructed the jury as to the law arising thereon. C. S., 564.

The defendant, through his counsel, admitted on the trial that he was guilty of murder in the second degree. There was no error in the court's acting upon this admission. *S. v. Foster,* 130 N. C., 666.

But the defendant sought to escape conviction of first degree murder, and complains now that the court's instruction as to second degree murder was prejudicial in that it was not sufficiently explicit, citing *S. v. Foster, supra.* From an examination of the entire charge in the instant case, however, it is apparent this contention cannot be sustained. We think the charge of the court below in this respect was sufficient. He defined murder in the second degree as well as murder in the first degree, and charged the jury, in effect, if they found from the evidence beyond a reasonable doubt that the killing was willful, deliberate, and premeditated, to return a verdict of guilty of murder in the first degree, and if they had a reasonable doubt as to any element of first degree murder to return a verdict of guilty of murder in the second degree, the defendant having admitted his guilt of the lesser degree of felonious slaying.

No error.