STATE v. R. C. SMITH.

(Filed 27 January, 1937.)

1. **Constitutional Law § 6c—Supreme Court will dismiss action in exercise of supervisory power when warrant fails to charge offense for which defendant was tried.**

   Defendant was tried for the violation of an ordinance upon a warrant which was insufficient to charge the offense.  An appeal was taken to test the constitutionality of the ordinance.  *Held:* The Supreme Court will not decide the constitutional question sought to be presented, but will dismiss the action in the exercise of its supervisory power over proceedings of lower courts.

2. **Constitutional Law § 6b—**

   The constitutionality of an ordinance will not be decided upon an appeal from a conviction obtained upon an invalid warrant, since the appeal does not properly invoke the exercise of the judicial power.

APPEAL by defendant from *Harris, J.,* at September Special Term, 1936, of GUILFORD.

Criminal prosecution tried upon warrant charging defendant with violation of traffic ordinance of city of Greensboro, to wit, "park taxi in block with more than two others."

The ordinance alleged to have been violated provides that "Not more than two taxicabs owned by the same company shall be parked in one block at the same time," except at established taxi stands, etc. ·

Verdict: Guilty.

Judgment: Fine of $1.00 and costs.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Shelley B. Caveness for defendant.*

STACY, C. J. The defendant by his appeal seeks to test the constitutionality of the traffic ordinance which makes it unlawful for more than two taxicabs, *owned by the same company,* to be parked in a single block in the city of Greensboro at the same time. The warrant is not sufficient to charge a violation of the ordinance. Indeed, it charges no offense at all. The action will be dismissed on authority of *S. v. Beasley,* 196 N. C., 797, 147 S. E., 301, and *S. v. Shipman,* 203 N. C., 325, 166 S. E., 298.

It is not after the manner of appellate courts to decide constitutional questions except in the exercise of judicial power properly invoked. *S. v. Williams,* 209 N. C., 57, 182 S. E., 711; *In re Parker, ibid.,* 693, 184 S. E., 532; *Newman v. Comrs.,* 208 N. C., 675, 182 S. E., 453; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529. A warrant that charges no offense will not suffice for such invocation, even though its invalidity be observed *sua sponte. S. v. Beasley, supra.*

Action dismissed.