### STATE v. L. H. LUEDERS.

(Filed 14 December, 1938.)

**1. Criminal Law § 21—**

In the trial in the Superior Court, either originally or *de novo* upon appeal, it is necessary for defendant to enter a plea to the indictment or charge, since in the absence of a plea there is nothing for the jury to determine.

**2. Criminal Law § 52a: Constitutional Law § 27—**

A verdict may not be rendered on an agreed statement of facts in a criminal prosecution, the verdict not being a special verdict. Whether the agreed statement of facts signed only by counsel constitutes admissions binding on defendant, not decided.

**3. Appeal and Error § 40g— .**

The Supreme Court will not venture advisory opinions on constitutional questions, and may not decide a constitutional question unless the question is properly presented.

STATE *v.* LUEDERS.

**4. Same—**

The Supreme Court will not decide a constitutional question, even when properly presented, when the appeal may be properly determined on a question of less moment.

**5. Statutes § 5b—**

In considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity.

**6. Same—**

When a statute is fairly susceptible of two constructions, one constitutional and the other not, the former will be adopted under the rule of favorable construction.

**7. Constitutional Law § 6b—**

The courts may determine the constitutionality of a statute only in the exercise of the judicial power vested in them by the Constitution, but when a constitutional question is properly presented, the courts have the power and the duty to declare and enforce the supreme law and reject a legislative act in conflict therewith.

**8. Constitutional Law § 4a—**

The Constitution is the supreme law, binding on, and unalterable by, the law-making body, and an act of the Legislature in conflict therewith is not merely impolitic but void.

APPEAL by defendant from *Phillips, J.,* at September Term, 1938, of GUILFORD.

Criminal prosecution tried upon warrant charging the defendant with "practicing photography without a license and without being registered with the State Board of Photographic Examiners," in violation of ch. 155, Public Laws 1935.

The case was originally tried in the municipal court of the city of Greensboro, where the defendant was found guilty and sentenced "to the county jail for a term of.......... suspended ......... pay costs." From this judgment,· an appeal was taken to the Superior Court of Guilford County.

In the Superior Court, the solicitor and counsel for defendant agreed upon certain facts, and the jury rendered the following verdict:

"Upon the foregoing statement of agreed facts, the jury for its verdict finds the defendant guilty."

From judgment imposing a fine of $10.00 and the costs, the defendant appeals, excepting "to the verdict and signing of the judgment."

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Norman Block and W. Clary Holt for defendant.*

STACY, C. J. The purpose of this appeal, frankly avowed, is to obtain a reconsideration of the decision in *S. v. Lawrence,* 213 N. C., 674, and to test again the constitutionality of ch. 155, Public Laws 1935.

There are certain irregularities appearing on the face of the record which preclude a consideration of the constitutional question. *S. v. Smith,* 211 N. C., 206, 189 S. E., 509.

In the first place, the defendant entered no plea in the Superior Court, where, on appeal, the cause was to be tried *de novo.* In fact, it does not appear whether he was present when the case was heard. In the absence of a plea to the indictment or charge, there was nothing for the jury to determine. See *S. v. Camby,* 209 N. C., 50, 182 S. E., 715.

Speaking to a similar situation in *S. v. Cunningham,* 94 N. C., 824, *Ashe, J.,* delivering the opinion of the Court, said: "There is manifest error in the judgment of the Superior Court. First, for the reason that there was no plea filed by the defendant, and therefore no issue to be submitted to the jury, and consequently the verdict returned by them was a nullity; and it must follow, as a necessary consequence, that no judgment could be pronounced upon such a verdict." See *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Walters,* 208 N. C., 391, 180 S. E., 664; *S. v. Stewart,* 89 N. C., 563.

Secondly, the verdict of the jury was rendered on an agreed statement of facts, and the defendant excepts to the verdict. Whether these "agreed facts," signed only by counsel, may properly be regarded as admissions binding on the defendant, we need not now determine. See *S. v. Grier,* 209 N. C., 298, 183 S. E., 272; *S. v. Butler,* 151 N. C., 672, 65 S. E., 993; *Turner v. Livestock Co.,* 179 N. C., 457, 102 S. E., 849; *S. v. Foster,* 130 N. C., 666, 41 S. E., 284; *Dick v. United States,* 40 F. (2d), 609, 70 A. L. R., 90, and note; Weeks on Attorneys, 393; Wharton's Cr. Evidence, Vol. 2, 1109. There is no contention that the verdict is a special one. *S. v. Hill,* 209 N. C., 53, 182 S. E., 716; *S. v. Allen,* 166 N. C., 265, 80 S. E., 1075.

It is not the custom of appellate courts to decide constitutional questions except in the exercise of judicial power properly invoked. *S. v. Smith, supra; S. v. Williams,* 209 N. C., 57, 182 S. E., 711; *In re Parker, ibid.,* 693, 184 S. E., 532. Indeed, it is only in such cases, *i.e.,* in cases calling for the exercise of judicial power—the power to say, not what the law ought to be, but what it is—that the courts may render harmless invalid acts of the General Assembly. *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529; *Moore v. Bell,* 191 N. C., 305, 131 S. E., 724. For this reason, they never anticipate questions of constitutional law in advance of the necessity of deciding them, nor venture advisory opinions on constitutional questions. *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481. It is only when

the courts are exercising the judicial power vested in them by the Constitution that they are authorized to declare acts of the General Assembly in contravention of the organic law. *Moore v. Bell, supra; Adkins v. Children's Hospital,* 261 U. S., 525. And further, the rule is, that if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of lesser moment, 'the latter alone will be determined. *Reed v. Madison County,* 213 N. C., 145, 195 S. E., 620. "It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case"— *Mr. Justice Pickham* in *Burton v. U. S.,* 196 U. S., 283.

This policy of refraining from deciding constitutional questions, even when properly presented, if there be also present some other ground upon which the case may be made to turn, is predicated on the following considerations:

1. In considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity. *S. v. Revis,* 193 N. C., 192, 136 S. E., 346; *Sutton v. Phillips,* 116 N. C., 502, 21 S. E., 968; *S. v. Manuel,* 20 N. C., 144.

2. If the act of assembly be fairly susceptible of two interpretations, one constitutional and the other not, in keeping with the rule of favorable construction, the former will be adopted and the latter rejected. *S. v. Casey,* 201 N. C., 620, 161 S. E., 81; *S. v. Yarboro,* 194 N. C., 498, 140 S. E., 216; *S. v. Revis, supra; Hopkins Fed. S. & L. Assn. v. Cleary,* 296 U. S., 315, 80 Law Ed., 251.

3. The courts will not determine a constitutional question, even when properly presented, if there be also present some other ground upon which the case may be made to turn. *Reed v. Madison County, supra; In re Parker, supra; S. v. Ellis,* 210 N. C., 166, 185 S. E., 663.

4. The courts will not declare an act of the General Assembly unconstitutional even when clearly so, except in a case properly calling for the determination of its validity. *Newman v. Comrs. of Vance,* 208 N. C., 675, 182 S. E., 453; *Wood v. Braswell, supra; S. v. Corpening, supra; Person v. Doughton, supra.*

5. It is only in the exercise of the judicial power vested in the courts by the Constitution that they are authorized to render harmless invalid acts of the General Assembly. *Wood v. Braswell, supra; Moore v. Bell, supra.*

It is one of the attributes of the American system that its organic charter is binding on, and unalterable by, the law-making body. The Constitution, or the law "according to which the community hath agreed to be governed," is above the government as well as the governed, and enforceable against both. Hence, an act of the Legislature in conflict with the organic law is not simply impolitic but void. To search out

and find this conflict, where such exists, is the function of an independent judiciary, but this it does only in cases properly presenting the question. 11 Am. Jur., 712. The reason for this arises out of the delicacy of the task. To oblige a government to control itself is a matter of no small moment. But from the authority vested in the courts to ascertain and determine the law in a given case, there necessarily results, in case of conflict, the duty to declare and enforce the rule of the supreme law and to reject that of an inferior act of legislation which, transcending the Constitution, is of no effect and binding on no one. *Adkins v. Children's Hospital, supra;* 11 Am. Jur., 713.

The cause will be remanded for trial according to the usual course and practice in such cases.

Error and remanded.