JAMES ROBERT HUNTER, JR., v. KATHLEEN HUNTER NUNNAMAKER ET AL.

(Filed 4 May, 1949.)

**1. Descent and Distribution § 6—**

In this proceeding to determine the proper distribution of the estate to deceased's heirs, respondent introduced certified copy of her adoption by deceased issued by a charitable organization of another state authorized by act of the assembly of such other state to grant adoptions. Petitioner did not attack the validity of the act authorizing the charitable organization to grant adoptions. *Held:* It was error for the court to hold that the adoption was not valid and that therefore the respondent was not entitled to her distributive share of the estate.

**2. Constitutional Law § 10b—**

The courts will not declare an act of assembly unconstitutional even when clearly so, except in cases properly calling for the determination of its validity, and where the parties refrain from raising the question by plea or otherwise, the court may not determine that an act of assembly is unconstitutional but must act upon the presumption of constitutionality.

APPEAL by respondent, Kathleen Hunter Nunnamaker, from *Hamilton, Special Judge,* September Term, 1948, of WAKE.

Special proceeding to determine proper distribution of moneys paid into Clerk's office by administrator of estate of Eugenia E. Hunter pursuant to provisions of G.S. 28-160.

The petition alleges that Eugenia E. Hunter, late of Wake County, died intestate on 14 June, 1947; that T. Lacy Williams was duly appointed administrator of her estate, and that on 2 July, 1948, said administrator filed his final account, which was approved, and contemporaneously therewith deposited with the Clerk the net proceeds of the estate amounting to $4,957.32 for distribution among the lawful heirs-at-law, as this sum arose principally from the sale of lands of which the deceased died seized.

There is also allegation that the petitioner, James Robert Hunter, Jr., is an adopted son of the deceased and her late husband, James Robert

Hunter; and, as such, is an heir-at-law of the deceased. His adoption was had in the Commonwealth of Virginia on 27 September, 1917.

There is further allegation that the respondents, Kathleen Hunter Nunnamaker and Isabel Hunter Hilmer, also claim to be heirs-at-law of the deceased by adoption, but it is not known whether they are legally adopted daughters of the deceased, nor whether the deceased left her surviving any other heirs-at-law or next of kin.

The petition concludes with the prayer that the court judicially determine the respective rights of petitioner and respondents, and all other persons, who may have an interest in or claim upon the proceeds arising from the estate of the deceased.

The respondent, Isabel Hunter Hilmer, made no claim to any part of the funds in the hands of the Clerk and filed no answer to the petition. She has no interest in the proceeding.

Respondent, Kathleen Hunter Nunnamaker, filed answer, admitted all the allegations of the petition and alleged that she was legally adopted by the deceased and her late husband on 23 December, 1904, in the City of Columbia, South Carolina, which made her a lawful heir of the deceased and entitles her to share in the net proceeds of the estate now in the hands of the Clerk.

The answering respondent offered a certified copy of her adoption issued to the deceased and her husband on 23 December, 1904, by the Epworth Orphanage of the South Carolina Conference of the Methodist Episcopal Church, South, under and by virtue of authority vested in the Orphanage by Act of the South Carolina General Assembly, 22 St. at Large, 319, approved 28 February, 1896.

A jury trial was waived, the court found the facts and concluded that the petitioner was the sole heir-at-law of the deceased; that the respondent, Kathleen Hunter Nunnamaker, had not been legally adopted by the deceased and her husband, and was therefore not entitled to share in the distribution of the net proceeds of the subject estate.

The respondent, Kathleen Hunter Nunnamaker, excepts and appeals, assigning errors.

*J. L. Emanuel for petitioner, appellee.*

*J. L. Morehead for respondent, appellant.*

STACY, C. J. The appeal poses the question whether Kathleen Hunter Nunnamaker is entitled to share in the distribution of the net proceeds of the estate of Eugenia E. Hunter. The trial court answered in the negative. We are inclined to a different interpretation of the record.

On the hearing, the appellant offered a certified copy of her adoption by the deceased and her late husband in the City of Columbia, Richland

County, South Carolina, on 23 December, 1904. She had been a ward in the Methodist "Epworth Orphanage of the South Carolina Conference," a charitable organization chartered by Act of Assembly in that State and authorized to grant adoptions. 1 Am. Jur. 633. Nothing else appearing, this would seem, *prima facie* at least, to make her an heir-at-law of the deceased. 1 R.C.L. 598.

While no specific reason is assigned for holding the appellant's adoption illegal, it may be accepted as was stated on the argument, that the trial court regarded the legislative grant of adoptive powers to the Epworth Orphanage violative of the South Carolina Constitution, and hence the exercise of such authority by the Orphanage was a nullity. Evidently, the trial court, in reaching this conclusion, did not have before it the cases of *Epworth Orphanage v. Wilson* and *Same v. Manning,* 185 S.C. 243, 193 S.E. 644, where it was held by the Supreme Court of South Carolina that the statute incorporating this Orphanage could not be declared unconstitutional in the absence of a showing that the General Assembly in passing the statute did not .comply with the pertinent constitutional requirement that it should have a concurrent resolution adopted by a two-thirds vote of each House authorizing the introduction of the bill. And no such showing is sought to be made here. Indeed, the constitutionality of the act incorporating the Epworth Orphanage and granting it powers of adoption was not before the court for determination. The courts do not declare Acts of Assembly unconstitutional even when clearly so, except in cases properly calling for the determination of their validity. *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22. In the first place, they are presumed to be constitutional, and it is only in the exercise of judicial power, properly invoked, that the courts are authorized to render harmless or set at naught any Act of Assembly. *Wood v. Braswell,* 192 N.C. 588, 135 S.E. 529; *Moore v. Bell,* 191 N.C. 305, 131 S.E. 724.

The petitioner disavows any assault upon the legality of appellant's adoption. In respect of this question, which the parties have refrained from raising by plea or otherwise, he stands mute and rightly so, perhaps, for it may be doubted whether he would be permitted to interpose such a challenge in the circumstances of the case. *Cribbs v. Floyd,* 188 S.C. 443, 199 S.E. 677; 1 Am. Jur. 676.

Error and remanded.