HADLEY HORNER, FOR AND ON BEHALF OF HIMSELF AND ALL OTHER TAX-PAYERS OF THE CITY OF BURLINGTON, v. THE CHAMBER OF COMMERCE OF THE CITY OF BURLINGTON, INC., THE CITY OF BUR-LINGTON, AND JENNINGS M. BRYAN, H. L. GALLOWAY, J. O. BAY-LIFF, AND C. W. BURKE.

(Filed 1 March, 1950.)

**1. Pleadings § 15—**

The complaint will be liberally construed upon demurrer, and the demurrer should be overruled if the complaint presents facts sufficient to constitute a cause of action or if such facts can be fairly gathered from it, however inartificially the pleading may be drawn.

**2. Municipal Corporations §5—**

A municipality is a creature of the State and has the powers prescribed by statute and those necessarily implied by law, and no other. G.S. 160-1.

**3. Municipal Corporations § 41—**

A municipality may not appropriate tax revenue unless the outlay is explicitly or implicitly authorized by a constitutional statute.

**4. Same—**

The power of a municipality to appropriate tax revenue must be measured by the same criterions as those governing its taxing power.

**5. Same: Taxation § 38a—**

In a suit by a taxpayer to recover in behalf of a municipality a challenged expenditure, an allegation in the complaint that the challenged expenditure was purported to have been made "under the provision of Chapter 158 of the General Statutes" does not constitute an averment that there was statutory authority for the expenditure, since the word "purported" means to profess outwardly or to pretend, and further, the averment is harmonious with other portions of the complaint alleging the expenditure was made as a contribution to the Chamber of Commerce of the city to be used in the untrammeled discretion of the Chamber of Commerce in furtherance of its ordinary activities.

**6. Same—**

No statute authorizes a city to use its tax revenues for the payment of expense incident to the ordinary activities of the Chamber of Commerce of the city. G.S. 158-1.

**7. Appeal and Error § 40—**

Courts will not pass on constitutional questions until the necessity for doing so has arisen.

**8. Taxation § 6—**

Tax revenues may not be used for the supply of individuals or private corporations, however benevolent they may be.

APPEAL by plaintiff from *Burney, J.,* at the August Term, 1949, of ALAMANCE.

For convenience of narration, the City of Burlington is called Burlington; the Chamber of Commerce of the City of Burlington, Incorporated, is designated as the Chamber of Commerce; and Jennings M. Bryan, H. L. Galloway, J. O. Bayliff, and C. W. Burke are characterized as the individual defendants.

The complaint alleges, in substance, that at the time specified in it, the plaintiff was, and still is, a taxpaying citizen and resident of Burlington, a municipality in Alamance County, North Carolina; that at such times the individual defendants constituted the controlling majority of the governing body of Burlington, and as such caused the municipality to take the actions set out in the complaint; and that at the times named in the complaint, the Chamber of Commerce was, and still is, a private corporation, having these corporate purposes: (1) The promotion of every plan for the advancement of the commercial, manufacturing, civic, and monetary interests of the community of Burlington and Alamance County, and the abatement of every grievance injuriously affecting such interests; (2) the establishment and application of uniform and equitable rates and usages of trade; (3) the collection and preservation of statistical information concerning the commerce, capital, production and growth of Burlington and Alamance County; (4) the speedy and economical settlement of differences among its members, without resort to litigation; (5) the assembling of a general meeting of the businessmen of Burlington in all emergencies wherein their rights or interests may be affected; and (6) the discussion of all questions affecting the interests, trade, or manufacturers of Burlington and Alamance County, and the pecuniary welfare of Burlington and Alamance County.

The complaint further alleges, in substance, that the plaintiff prosecutes the action in behalf of himself and all other citizens and taxpayers of Burlington to compel the individual defendants and the Chamber of Commerce to restore to the treasury of Burlington the sum of $2,000.00 representing tax revenues of Burlington, which the individual defendants as the majority controlling the governing body of Burlington had turned over to the Chamber of Commerce and which the Chamber of Commerce had expended; that Burlington is joined as a party defendant in the

action "to facilitate the disposition of any recovery from the other defendants and for the purpose of otherwise protecting" its interests; and that the sum of $2,000.00 constituted a part of the *ad valorem* taxes accruing to Burlington upon taxable property in the municipality during the fiscal year 1947, and was levied and collected for the ostensible purpose of covering an item in the budget estimate bearing this indefinite designation: "Publicity: Chamber of Commerce, $2,000.00." Paragraph eight of the complaint states that the $2,000.00 was delivered to the Chamber of Commerce by the municipality acting under the control of the individual defendants free from "any restrictions, conditions, or requirements" as to its use, and with intent on the part of the individual defendants that it should be used by the Chamber of Commerce in its "untrammeled discretion in furtherance of the ordinary . . . activities of said Chamber of Commerce"; and paragraph nine of the complaint asserts that the money was mingled with the general funds of the Chamber of Commerce "derived from numerous other sources," and was "used, *pro rata,* for all the expenses of said Chamber of Commerce."

The complaint further alleges by implication rather than by express averment that a majority of the qualified voters of Burlington had approved Chapter 158 of the General Statutes of North Carolina in an election held under G.S. 158-3 during 1925. Paragraph ten expressly avers that "the tax levy, the appropriation, and the expenditures, gifts and donations, above described, are and were purported to have been made under the provisions of Chapter 158 of the General Statutes of North Carolina"; and that "no legislative authority for said taxes, appropriations, expenditures, gifts and donations elsewhere exists"; and paragraph eleven expressly asserts that "the tax levy, appropriation, and expenditure, above described, . . . were unlawful, illegal, and unauthorized, were not for a necessary expense nor for a public purpose, and were made . . . with the intent and purpose to evade the law and Constitution of the State of North Carolina, and . . . said individual defendants abdicated their public trust . . . and did and performed acts which, if otherwise authorized, would constitute an unlawful delegation of their public powers, trusts, and authority to the said defendant Chamber of Commerce."

The complaint alleges, in conclusion, that the plaintiff made demand upon the Chamber of Commerce that it restore the $2,000.00 to the treasury of Burlington; that the Chamber of Commerce refused to do so; that plaintiff thereupon made demand on the governing body of Burlington that the municipality sue the individual defendants and the Chamber of Commerce for the recovery of said sum, and the municipality refused to bring such action; and that the plaintiff thereupon brought the instant action. The prayer of the complaint is that Burlington be awarded

judgment against the individual defendants and the Chamber of Commerce for the sum of $2,000.00 with interests and costs.

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. G.S. 1-127 (6). The court sustained the demurrer and entered judgment dismissing the action. The plaintiff excepted and appealed, assigning this ruling as error.

*William R. Dalton, Jr., for plaintiff, appellant.*
*Cooper, Sanders & Holt and W. D. Madry for defendants, appellees.*

ERVIN, J.   The appeal presents the single question as to whether the complaint discloses any cause of action in favor of the plaintiff. Hence, it calls for the application of the established rule that "when the objec-. tion is made that the complaint fails to state a cause of action, a liberal construction will be placed upon the pleading, with a view to sustaining it; and if in any portion of the pleading, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will be sustained, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, and the complaint is not demurrable unless it is wholly insufficient." McIntosh: North Carolina Practice and Procedure in Civil Cases, section 443.

A municipality is a creature of the State. It has "the powers prescribed by statute, and those necessarily implied by law, and no other." G.S. 160-1. In consequence, a city or town cannot make a rightful outlay of its tax revenues unless the outlay is explicitly or implicitly authorized by a statute conforming to the Constitution. Moreover, the constitutional power to make appropriations of money out of the treasury of a municipality must be measured by the same criterions as those by which it is raised by taxation and put into such treasury. *Green v. Kitchen,* 229 N.C. 450, 50 S.E. 2d 545.

It is clear that the plaintiff undertakes to challenge the legality of the expenditure in suit on these alternative grounds: (1) That the outlay was not authorized by statute, and consequently was unlawful; and (2) that it was not for a public purpose within the meaning of Article V, Section 3, of the Constitution, and by reason thereof was unconstitutional even if there were legislative sanction for it.

The defendants insist that the complaint falls short of the plaintiff's undertaking; that it fails to state facts sufficient to constitute a cause of action; and that consequently the judgment of the trial court sustaining the demurrer and dismissing the case should be affirmed.

The defendants lay hold upon the allegation of paragraph ten of the complaint that "the tax levy, the appropriation, and the expenditures, gifts and donations, above described, are and were purported to have been made under the provisions of Chapter 158 of the General Statutes of North Carolina," and advance this argument to support their position: That this specific portion of paragraph ten of the complaint is a factual averment in which the plaintiff alleges that the tax money in suit was expended by the Chamber of Commerce under the direction and control of the governing body of Burlington for the objects mentioned in G.S. 158-1; that these objects constitute public purposes as a matter of constitutional law under Article V, Section 3, of the Constitution; and that it thus appears on the face of the complaint that the expenditure in question was made pursuant to a statute, i.e., Chapter 158 of the General Statutes, enacted in conformity to the Constitution, and by reason thereof the complaint states no cause of action.

G.S. 158-1 provides that the governing body of any city, whose qualified voters have approved Chapter 158 of the General Statutes in an appropriate election, may annually set apart and appropriate from the funds derived annually from the general taxes levied and collected in the city an amount not less than one-fortieth of one per cent, nor more than one-tenth of one per cent, upon the assessed value of all real and personal property taxable in the city, which funds shall be used and expended under the direction and control of the governing body of the city, under such rules and regulations or through such agencies as they shall prescribe, for the purpose of aiding and encouraging the location of manufacturing enterprises, making industrial surveys and locating industrial and commercial plants in or near the city; encouraging the building of railroads thereto, and for such other purposes as will, in the discretion of the governing body of the city increase the population, taxable property, agricultural industries and business prospects of the city.

When the allegations of the complaint are analyzed in the light of the provisions of G.S. 158-1, it becomes plain that the defendants put an erroneous construction upon a single allegation of paragraph ten of the complaint; that they insist that such erroneous construction of that single allegation nullifies the other averments of the complaint diametrically contradicting it; and that they come in that way to their conclusion that the complaint is wholly insufficient.

As has been pointed out, the defendants base their contention that the complaint is fatally defective upon the premise that the selected allegation of paragraph ten of the complaint constitutes a factual averment on the part of plaintiff that the tax money in suit was expended by the Chamber of Commerce under the direction and control of the governing body of Burlington for the purposes specified in G.S. 158-1. This premise

is insupportable. This being true, the argument based on it is without validity.

The unsoundness of the position of the defendants becomes obvious when we disregard the allegations of the complaint which state legal conclusions rather than facts, and by-pass for the moment the portion of paragraph ten designated with particularity by the defendants.

The complaint does not allege that the tax money in suit was expended by the Chamber of Commerce under the direction and control of the governing body of Burlington. The averment is precisely to the contrary. Paragraph eight specifically asserts in the most explicit language that the money in question was turned over to the Chamber of Commerce by the municipality free from "any restrictions, conditions, or requirements" as to its use, and with intent on the part of the municipal officers that it should be used by the Chamber of Commerce in its "untrammeled discretion in furtherance of the ordinary . . . activities of said Chamber of Commerce."

Furthermore, the complaint does not say that the tax money was expended to accomplish the objects mentioned in G.S. 158-1. The averment is otherwise. Paragraph nine alleges in no uncertain terms that the money was mingled with the general funds of the Chamber of Commerce "derived from numerous other sources," and was "used, pro rata, for all the . . . expenses of said Chamber of Commerce." Neither the law nor the lexicographer sustains the assumption or conclusion that the corporate activities and purposes of the Chamber of Commerce are synonymous with the objects enumerated in G.S. 158-1.

We now return to the designated portion of paragraph ten of the complaint, and observe that it harmonizes in all respects with the other allegations of the pleading. The designated averment relates to these things: (1) "The tax levy . . . above described," i.e., the portion of the ad valorem taxes levied and collected for the ostensible purpose of covering the item in the budget estimate bearing the indefinite description "Publicity: Chamber of Commerce, $2,000.00"; (2) "the appropriation, . . . gifts, and donations, above described," i.e., the tax moneys totalling $2,000.00 which the municipality turned over to the Chamber of Commerce free from any "restrictions, conditions, or requirements" as to its use and with intent on the part of the officers of the municipality that it should be used by the Chamber of Commerce in its "untrammeled discretion in furtherance of the ordinary . . . activities of said Chamber of Commerce"; and (3) "the expenditure . . . above described," i.e., the tax moneys aggregating $2,000.00 which the Chamber of Commerce mingled with its general funds "derived from numerous other sources" and "used, pro rata, for all the . . . expenses of said Chamber of Commerce."

The selected part of paragraph ten does not allege that the officers of Burlington and the Chamber of Commerce acted in the premises under Chapter 158 of the General Statutes. It merely states that they purported, *i.e.,* professed outwardly, or pretended to do so. Skeat's Etymological Dictionary of the English Language (4th Ed.), 487; Funk and Wagnall's New Standard Dictionary of the English Language, 2013; *S. v. Harris,* 27 N.C. 287. When the selected part of paragraph ten is read contextually with the succeeding paragraph of the complaint, it says this and nothing more: The municipal officers and the Chamber of Commerce professed outwardly or pretended to act under Chapter 158 of the General Statutes, but their acts were "unlawful, illegal, and unauthorized," *i.e.,* not done pursuant to that statute or any other law.

No statute undertakes to authorize Burlington to use its tax revenues for the payment of expenses incident to the ordinary corporate activities of the Chamber of Commerce. This being so, it necessarily follows that the complaint states a good cause of action to compel the restoration of funds which have been unlawfully diverted from the public treasury of the municipality. 52 Am. Jur., Taxpayers' Actions, sections 13, 35; 44 C.J., Municipal Corporations, section 4564.

Since the complaint avers that the outlay in suit was for the payment of the ordinary expenses of the Chamber of Commerce, and since such outlay is without statutory authorization, no occasion arises on the present appeal for deciding whether the ordinary activities of the Chamber of Commerce, or the objects enumerated in G.S. 158-1 constitute public purposes in a constitutional sense. In consequence, we express no opinions as to those matters in deference to the settled rule that courts will not pass on constitutional questions until the necessity for so doing has arisen. *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; *Turner v. Reidsville,* 224 N.C. 42, 29 S.E. 2d 211; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22; *S. v. Smith,* 211 N.C. 206, 189 S.E. 509; *S. v. Ellis,* 210 N.C. 166, 185 S.E. 663; *In re Parker,* 209 N.C. 693, 184 S.E. 532; *Goldsboro v. Supply Co.,* 200 N.C. 405, 157 S.E. 58; *Chemical Co. v. Turner,* 190 N.C. 471, 130 S.E. 154; *S. v. Edwards,* 190 N.C. 322, 130 S.E. 10.

We deem it proper, however, to observe that *Ketchie v. Hedrick,* 186 N.C. 392, 119 S.E. 767, 31 A.L.R. 491, is not an authority for the proposition that the objects enumerated in Chapter 268 of the Private Laws of 1923 constitute public purposes under Article V, Section 3, of the Constitution. It decides this and nothing more: That expenditures for such objects are not necessary expenses of municipalities within the purview of Article VII, Section 7, of the Constitution.

Since the complaint is sufficient to call into play the doctrine that "a tax is an imposition for the supply of the public treasury and not for

the supply of individuals or private corporations, however benevolent they may be," the court below ought to have overruled the demurrer, and required the defendants to answer. 51 Am. Jur., Taxation, section 6. For this reason, the judgment is

Reversed.