M. B. REEVES ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS OF THE COUNTY OF BUNCOMBE v. BUNCOMBE COUNTY, CLAUDE L. FEL-MET, A. L. McLEAN AND H. SOLON HYDER, COMPRISING THE BOARD OF COUNTY COMMISSIONERS OF BUNCOMBE COUNTY ET AL.

(Filed 25 January, 1933.)

**Counties E b—County held authorized to assume township bonds issued for roads taken over by county as part of county system.**

A township voted two successive bond issues for the building of highways and bridges in the township. The county levied a tax within the township for the payment of the first bonds, and the income therefrom was more than sufficient to pay same upon maturity, but no sinking fund was created therefor and the bonds were not paid. The county immediately assumed the second bond issue and levied a county-wide tax for its payment, but same were not paid at maturity. The county took over the roads and bridges of the township as a part of the system of county roads, and later the same was taken over by the State Highway Commission : *Held,* under the provisions of chapter 186, Public-Local Laws of 1931, the county had the authority to assume both bond issues, and to make provision for their payment by the levy of a county-wide tax, for although one political subdivision may not be taxed for the exclusive benefit of another, the bonds in this case were issued for a county-wide obligation.

CIVIL ACTION, before *Clement, J.,* at November Term, 1932, of BUNCOMBE.

The cause was presented to the trial judge upon an agreed statement of facts, which is substantially as follows : Prior to 1 September, 1908, pursuant to the authority of chapter 770 of Public Laws of North Carolina for 1907, an election was held in Black Mountain Township, and the result of the election authorized the issuance of $40,000 in road and bridge bonds for said township. Thereafter, on 1 September, 1908, $25,000 of six per cent bonds were issued. The county of Buncombe

regularly made a levy upon the taxable property of Black Mountain Township from the year 1908 to the year 1930, inclusive, for the purpose of paying off the original bond issue of $25,000, but neglected and failed to create any sinking fund to retire said bonds and used the proceeds arising from the tax levy for general county purposes, failing to apply the same upon the payment of bonds, and the amount so levied, collected and applied by Buncombe County from Black Mountain Township is in excess of $25,000 in bonds and the interest thereon and said bonds are all now outstanding and unpaid.

Upon the bond issue of $15,000 on 1 May, 1911, the said indebtedness was immediately assumed by Buncombe County as a county-wide obligation, and from year to year sufficient levy was made upon the county-wide property to pay the interest upon the same until they became due in the year 1931, when the county of Buncombe levied a sufficient tax to pay the remainder of interest and all of the principal of said bonds when they became due on 1 May, 1931, but defaulted in all payments on 1 April preceding, and said bonds have not yet been paid. All the money received by Black Mountain Township from the proceeds of both bond issues aforesaid "was spent upon roads and bridges in Black Mountain Township, which said roads and bridges were later taken over by the county of Buncombe as a part of the highway system of said county and later taken over by the State Highway Commission, and are now under the control of same."

Chapter 186 of Public-Local Laws of 1931 authorizes the county of Buncombe to assume the bond issues referred to as county-wide obligations and directed "the county commissioners to levy a tax on the general property of the county for the payment of same, together with the interest."

The plaintiff is not a resident of Black Mountain Township and brought a suit in behalf of himself and other taxpayers of Buncombe County not residents of Black Mountain Township to permanently restrain the county and the board of commissioners "from levying or attempting to levy a county-wide tax upon the property of this plaintiff or upon the property of any other resident and citizen of Buncombe County for the purpose of paying or assisting in paying the principal of bonds of Black Mountain Township," etc.

After considering the contentions of the parties the trial judge decreed: "That the two bond issues of Black Mountain Township, to wit, $25,000 issued 1 September, 1908, and $15,000 issued 1 May, 1911, are and ought to be county-wide obligations of the county of Buncombe and the county commissioners of Buncombe County should, and are hereby directed to levy a sufficient county-wide tax, at the appropriate

times, to pay the interest and principal of the same . . . and that the application for a permanent injunction sought to be obtained in this action be, and the same is hereby denied.

From judgment so rendered the plaintiffs appealed."

*Johnston & Horner for plaintiff.*
*Geo. H. Wright and Clinton K. Hughes for defendant.*

BROGDEN, J. Do the two bond issues aggregating $40,000 constitute a county-wide obligation of Buncombe County?

The bonds were issued by virtue of power created by special election in Black Mountain Township. The law forbids the levying of a tax upon the property of one political subdivision for the particular and exclusive benefit of another such subdivision. This proposition was discussed in *Commissioners v. Lacy,* 174 N. C., 141, 93 S. E., 482, and the court promulgated the principle and the limitations thereof as follows: "It is true, also, that a state or county may, as a rule, lend its aid or expend its money in the building and maintenance of public roads anywhere within its borders when it is being done for the public benefit or as a part of a State or county system, but in this instance the improvement is entirely localized. The roads of the differing townships or districts are set apart and a scheme is entered upon by which they can be planned, constructed, and improved entirely under township governance and without reference either to State or county benefit; and when this occurs, the principle is presented that it is not within the legislative power to tax one community or local taxing district for the exclusive benefit of another—a principle which has been directly approved in several recent decisions of this Court and is one very generally accepted." *Ellis v. Greene,* 191 N. C., 761, 133 S. E., 395.

The record discloses that the proceeds of both bond issues were spent upon roads and bridges in Black Mountain Township, "which said roads and bridges were later taken over by the county of Buncombe as a part of the highway system of said county, and later taken over by the State Highway Commission, and are now under the control of same." Manifestly the facts so established, disclose that the project was not one of local or township benefit, supervision and control, but such expenditure was made "for the public benefit or a part of the state or county system." Hence the law impresses upon the bond issues the character and quality of a county-wide obligation.

Affirmed.