STATE OF NORTH CAROLINA, Ex Rel. T. C. AMICK et al. v. W. G. LANCASTER et al.

(Filed 5 November, 1947.)

**1. Appeal and Error § 401—**

The Supreme Court will not determine a constitutional question, even when properly presented, if there be also present some other ground on which the case may be made to turn.

**2. Nuisances § 7—**

The statutory procedure to abate a public nuisance, G. S., 19-2, is not appropriate against a municipal alcoholic control board set up under color of legislative authority (Chap. 862, Session Laws of 1947), nor against the lessor of the building used for the purpose of operating a liquor control store.

APPEAL by plaintiffs from *Nimocks, J.,* 22 September, 1947, in Chambers at Louisburg. From FRANKLIN.

Civil action in the name of the State on relation of citizens of Franklin County to padlock premises used in operation of "Town Liquor Control Store" and to enjoin its maintenance as a nuisance.

Pursuant to Chap. 862, Session Laws of 1947, a "Town Liquor Control Store" in the Town of Louisburg was authorized by vote of the people, and is now being operated in a building owned by W. G. Lancaster and leased by him to "The Town of Louisburg Board of Alcoholic Control" for such purpose.

It is alleged that the Act of Assembly under which the defendants have established, and are now operating, the Town Liquor Control Store in question is unconstitutional and all proceedings thereunder are perforce illegal and void. Hence, the plaintiffs invoke the provisions of G. S., 19-1 and 19-2, to have the store declared an offense against public morals, or a nuisance, and its operation as such abated.

After a full hearing, "the court being of opinion that plaintiffs relators are not entitled to the relief prayed for in the complaint," dismissed the action with costs.

Plaintiffs appeal, assigning errors.

*G. M. Beam and Hill Yarborough for plaintiffs, appellants.*

*Malone & Malone for defendants, Allen, Sykes, Wheless, Joyner, and Collins, appellees.*

STACY, C. J. It is not stated whether the action was dismissed on procedural or constitutional grounds. Hence, we do not reach the constitutional question, if the remedy be defective or inappropriate. "The

courts will not determine a constitutional question, even when properly presented, if there be also present some other ground upon which the case may be made to turn." *S. v. Lueders,* 214 N. C., 558, 200 S. E., 22.

It would be strange indeed, if the same government which authorizes the establishment of a "liquor control store," should also provide for its padlocking at the instance of a private citizen and thus render all who are connected with its maintenance "guilty of a nuisance." G. S., 19-1. It was never intended that the procedure here invoked to abate a nuisance, G. S., 19-2, should be applied against an alcoholic control board set up under color of legislative authority, or against one who rents a building to such a board for the purpose of operating a liquor control store. The remedy selected seems inappropriate.

There was no error in dismissing the action.

Affirmed.