STATE OF NORTH CAROLINA ON THE RELATION OF J. A. SUMMRELL v.
CAROLINA-VIRGINIA RACING ASSOCIATION, INC., AND THE CURRI-
TUCK COUNTY RACING COMMISSION.

(Filed 22 September, 1954.)

**1. Constitutional Law § 20b—**

The mere fact that a state court overrules its previous decision on a
question of state law does not constitute a denial of due process under the
Fourteenth Amendment to the Constitution of the United States.

**2. Constitutional Law § 25—**

A contract imposes no binding obligations if its validity is dependent
upon the provisions of an unconstitutional statute. Constitution of the
United States, Art. I, sec. 10.

**3. Same—**

The Federal Constitutional protection of the obligations of contracts
against state action is directed only against impairment by legislation and
not by judgments of courts. Constitution of the United States, Art. I,
sec. 10.

APPEAL by defendant Carolina-Virginia Racing Association, Inc.,
from *Paul, S. J.,* April 4th Special Term, 1954, of CURRITUCK.

At Spring Term, 1954, in *S. v. Felton,* 239 N.C. 575, 80 S.E. 2d 625,
it was held that Ch. 541, Session Laws of 1949, was in violation of desig-
nated provisions of the Constitution of North Carolina. The constitu-
tional question having been so decided, this cause, *Summrell v. Racing
Asso.,* 239 N.C. 591, 80 S.E. 2d 638, then before this Court, was remanded
for further proceedings.

Defendant Association conducted gambling operations on its premises
under a system of pari-mutuel betting on dog races. It is so alleged in
its pleadings and so stated in stipulation set out in the record. Its con-
tention is that such conduct was lawful because authorized by franchise
from the Currituck County Racing Commission granted under the 1949
Currituck Act. And because of said Act, it contends that G.S. 19-1,
*et seq.,* general statutes providing that premises used for gambling oper-
ations constitute a nuisance, are inapplicable. In the decisions cited
above, this Court held adversely to these contentions. The provisions of
the 1949 Currituck Act, the actions taken in pursuance of its terms and
the operations of defendant Association thereunder are fully stated in
these decisions:

In Currituck Superior Court, April 4th Special Term, 1954, defendant
Association tendered judgment providing for dismissal of the action and
for costs. The court below denied motion for such judgment and excep-
tion was duly taken. Thereupon, the court below signed and entered

judgment in favor of plaintiff in conformity with the provisions of G.S. 19-1, *et seq.* Defendant Association excepted and appealed.

The assignments of error are to the effect that the failure of the court below to sign the judgment tendered by defendant Association and the judgment as signed and entered constituted a violation of defendant Association's rights under the Constitution of the United States in that the obligations of its contract rights are impaired thereby and in that it is deprived of its property without due process of law. This position was asserted in a pleading filed 4 April, 1954, bearing the caption, "Answer to Petition for Judgment."

· *Frank B. Aycock, Jr., for plaintiff relator, appellee.*

*John G. Dawson, John B. McMullan, and Lucas, Rand & Rose for defendants, appellants.*

BOBBITT, J. In addition to its appeal to this Court, defendant Association instituted an action in the federal district court to enjoin enforcement of the judgment of the court below and to restrain State law enforcement officers from enforcing the provisions of the State anti-gambling statutes against operations conducted at its dog track. The district court having denied its application for an interlocutory injunction, defendant Association appealed. In its decision of 20 July, 1954, the United States Court of Appeals for the Fourth Circuit, opinion by *Parker, Chief Judge,* affirmed the order denying the application for interlocutory injunction with directions to the district court to dismiss the bill for want of equity. *Racing Asso. v. Cahoon, et al.,* 214 F. 2d 830.

Defendant Association, in its brief, in relation to its position that the judgment constitutes a taking of its property without due process of law, contends that the constitutionality of the 1949 Currituck Act was not before this Court for decision in *Summrell v. Racing Asso.,* 239 N.C. 591, 80 S.E. 2d 638. Decision of the constitutional question upon the former appeal, which defendant Association suggests was done, is said to constitute such a departure from prior decisions of this Court as to constitute a denial of due process. The contention is without merit.

Upon the former appeal, this Court considered carefully all the cases now cited. With reference to *Amick v. Lancaster,* 228 N.C. 157, 44 S.E. 2d 733, stressed by defendant Association, this Court, for reasons then stated, expressed the view that the authority of that decision in relation to the facts in this cause was at least open to question. Be that as it may, the constitutional question was not determined on the former appeal in this cause. It was decided in *S. v. Felton,* 239 N.C. 575, 80 S.E. 2d 625. The 1949 Currituck Act having been declared unconstitutional in the *Felton case,* defendant Association could not rely further upon its pro-

visions as a defense in this cause.  It should be noted that counsel for defendants herein were permitted to appear *amici curiae* in the *Felton case* and did participate orally and by brief in the argument of the constitutional question.

If the defendant Association's contention is that the decision in *S. v. Felton, supra,* constituted a departure from previous decisions of this Court, the obvious answer is that we do not so regard it.  But even if there were such departure, the contention is without merit; for, as pointed out by *Parker, Chief Judge,* in *Racing Asso. v. Cahoon, et al., supra,* with·citation of authority, the mere fact that a state court overrules its previous decisions on a question of state law does not constitute a denial of due process under the Fourteenth Amendment to the Constitution of the United States.

Defendant Association contends further that its operations were conducted under a franchise granted to it on or about 11 May, 1949, by Currituck County Racing Commission, an agency of the State of North Carolina, and that the judgment impairs the obligation of such contract and of its corporate charter in violation of Art. I, sec. 10, of the Constitution of the United States.  Again, the answers to such contention are given by *Parker, Chief Judge,* in *Racing Asso. v. Cahoon, et al., supra,* with citation of authority: first, a purported contract imposes no binding obligations if its validity is dependent upon the provisions of an unconstitutional statute; and second, the provision of Art. I, sec. 10, of the Federal Constitution, protecting the obligations of contracts against state action, is directed only against impairment by legislation and not by judgments of courts.

It appears that defendant Association has made large expenditures in the purchase and establishment of its dog racing premises and its pari-mutuel apparati.  It appears also that its operations during the five seasons, 1949-1953, prior to the presentation and decision of the constitutional question, were quite profitable.  It continues as owner of the real property.  The record does not disclose whether defendant Association or another became purchaser of the personalty when sold by the commissioner under the judgment.  While the delay in the presentation of the constitutional question to this Court for decision would seem to be without legal significance, the records in this cause and in the *Felton case* and companion cases leave the impression that defendant Association was neither alert nor cooperative in any effort to obtain an early decision on the constitutionality of the 1949 Currituck Act.

For the reasons stated the judgment of the court below is
Affirmed.