AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK; GREAT AMERICAN INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; THE CONTINENTAL INSURANCE COMPANY; AND VIRGINIA FIRE & MARINE INSURANCE COMPANY, ORIGINAL PLAINTIFFS, (AND CHARLES D. ARTHUR, INTERVENOR), v. CHARLES F. GOLD, COMMISSIONER OF INSURANCE, HENRY L. BRIDGES, I. MILLER WARREN, CHARLES F. GOLD, BERRY C. GIBSON AND CURTIS H. FLANAGAN, CONSTITUTING THE BOARD OF TRUSTEES OF THE NORTH CAROLINA FIREMEN'S PENSION FUND; THE NORTH CAROLINA FIREMEN'S ASSOCIATION; C. R. PURYEAR AND RAY E. SCOTT, DEFENDANTS.

(Filed 30 April, 1958.)

**1. Declaratory Judgment Act § 2—**

Insurance companies collecting and transmitting to the Commissioner of Insurance funds under the provisions of the Firemen's Pension Fund Act (Chapter 1420, Session Laws of 1957), and alleging irreparable injury in that no procedure is provided for the recovery of funds paid under the Act in the event it should be determined that the Act is unconstitutional and in that some of their competitors were refusing to collect and account for such additional premiums, thus putting plaintiffs at a competitive disadvantage, etc., are authorized to maintain an action under the Declaratory Judgment Act to test the constitutionality of the statute. G.S. 1-253, G.S. 1-254, G.S. 1-264, G.S. 1-265.

**2. Same: State § 3a—**

The Board of Trustees of the North Carolina Firemen's Pension Fund is not an agency of the State, and an action attacking the constitutionality of the statute creating the Pension Fund (Chapter 1420, Session Laws of 1957) is not an action against the State, since, although the Commissioner of Insurance and the State Treasurer receive and transmit funds under the Act, their duties are solely custodial and ministerial, and the State has no interest in or control over such funds.

**3. Constitutional Law § 4—**

Parties who collect from their customers and transmit certain funds to a specified agency in compliance with statutory requirement rather than risk the heavy penalties prescribed by the statute for failure to do so, and who allege irreparable injury in that the statute contains no provision for the recovery of such funds in the event the statute should

be declared unconstitutional, and in that some of their competitors were refusing to comply with the statute, thus putting plaintiffs at a competitive disadvantage, etc., may maintain an action attacking the constitutionality of the statute.

WINBORNE, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Bickett, J.,* November, 1957 Civil Term, WAKE SUPERIOR COURT.

This action was instituted under G.S. 1-253,-257 for the purpose of having the court pass on the constitutionality of Chapter 1420, Session Laws of 1957 - the North Carolina Firemen's Pension Fund Act. The plaintiffs are five insurance companies authorized to do business in North Carolina and now engaged in writing all types of fire and lightning insurance coverage in this State. The defendant Charles F. Gold is Commissioner of Insurance of North Carolina. The defendants Henry L. Bridges, I. Miller Warren, Charles F. Gold, Berry C. Gibson and Curtis H. Flanagan constitute the Board of Trustees of the North Carolina Firemen's Pension Fund. The defendant North Carolina Firemen's Association is a private voluntary group composed of firemen, both regular and volunteer. The defendant C. R. Puryear is a regular full time paid fireman of the City of Raleigh. The defendant Ray E. Scott is a volunteer fireman of the Town of Apex, rated Rural Class A by the Southeastern Underwriters Association. The defendants Puryear and Scott are designated representatives of all firemen in their respective classes.

The plaintiffs, in crucial substance, allege the Firemen's Pension Fund Act requires that: (1) All purchasers of fire and lightning insurance in protected areas must pay an additional one per cent of the premium to the insurer to be transmitted to the Commissioner of Insurance, who, in turn must pass it on to the State Treasurer who shall be the custodian of the fund and shall disburse it to eligible firemen on the vouchers signed by two trustees of the fund. Purchasers of fire and lightning insurance from "farmers mutual fire associations" are not required to make the payments. (2) A number of insurance companies in competition with the plaintiffs are treating the Pension Fund Act as invalid and unconstitutional, and are refusing and will continue to refuse to collect and account for the additional premiums to the great financial disadvantage and irreparable injury of the plaintiffs. Insurance agents writing policies for a number of different companies are necessarily giving preference to the companies that refuse to require the payment of the additional charge. This practice results in a daily loss of business and is placing the plaintiffs at a competitive disadvantage, thereby causing them irreparable injury for which the law does not provide a remedy. (3) The Pension Fund Act gives

special privileges and emoluments to certain firemen only, to the exclusion of other firemen and other employees, and delegates to Southeastern Underwriters Association, a private organization, the right to classify towns and rural fire districts and determine eligibility for participating in the fund without fixing standards for the classification. The Act discriminates against the plaintiffs in favor of farmers mutual fire insurance companies—plaintiffs' competitors—in that they are exempt from the provisions of the Act. (4) The Act is in violation of Article I, Sections 7 and 31, Article II, Section 14, and Article V, Section 3, of the Constitution of North Carolina, and of the 13th and 14th Amendments to the Constitution of the United States. (5) The duties assigned to the Commissioner of Insurance and to the Treasurer of North Carolina are ministerial only and require them to transmit and disburse the fund to private persons of a special class, and that this action is, therefore, not against the State. (6) The Pension Fund Act does not provide any method for the recovery of money paid by the plaintiffs under the provisions of the Act. (7) The plaintiffs have complied and are complying with the provisions of the Act for the reason that they prefer not to incur the danger of the heavy penalties provided for non-compliance. By this action they seek to settle the uncertainty and turbulence in the business of providing fire and lightning insurance in protected areas brought about by the attempt of the plaintiffs to comply with the Act and a refusal on the part of other companies so to do, to the great competitive disadvantage and loss of business to the plaintiffs.

The complaint contains other material allegations as well as amplification of those here summarized. The plaintiffs invoke the equitable power of the court to determine by declaratory judgment the constitutionality and validity of Chapter 1420, Session Laws of 1957, and allege that a speedy hearing to that end is in the public interest.

The defendants filed a demurrer asking the "complaint" be dismissed on five grounds: (1) The plaintiffs are not the real parties in interest and do not have the legal capacity to maintain this action. (2) There is a defect of parties defendant in that Puryear and Scott and the North Carolina Firemen's Association have no interest in the subject-matter of this action. (3) That the complaint fails to state facts sufficient to constitute a cause of action in that no tax has been assessed or collected, or liability fixed against the plaintiffs. (4) The court has no jurisdiction to entertain this action against the State which has not consented to be sued. (5) The court is without jurisdiction to determine by declaratory judgment the matters set out in the complaint.

Upon the hearing, the court sustained the demurrer and entered a judgment dismissing the action. The plaintiffs excepted and appealed.

*Joyner & Howison, By: W. T. Joyner, Jr.,*
*Allen & Hipp, By: Arch T. Allen for plaintiffs, appellants.*
   *George B. Patton, Attorney General, T. W. Bruton, Assistant Attorney General, Ehringhaus & Ellis for defendants, appellees.*

HIGGINS, J.   The defendants challenge (1) the right of the plaintiffs to maintain this action; (2) the jurisdiction of the court to hear it; and (3) the sufficiency of the complaint to state a cause of action.

The Uniform Declaratory Judgment Act, Article 26, Chapter 1, provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." (G.S. 1-253). "Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question or construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." (G.S. 1-254). "This Article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights . . . and it is to be liberally construed and administered." (G.S. 1-264). The plaintiffs' allegations (taken as true for the purpose of testing the demurrer), therefore, qualify them as "persons" authorized to bring this action. (G.S. 1-265).

Under the broad terms of the Declaratory Judgment Act the plaintiffs have the right to challenge the constitutionality of the Pension Fund Act in the superior court unless jurisdiction is withdrawn by some contrary provision of law. The defendants contend the plaintiffs cannot maintain this action for that it is in fact against the State and the State has not consented to be sued. At this stage of the proceeding it does not appear that the Board of Trustees of the North Carolina Firemen's Pension Fund is such an agency as rendered this an action against the State. While the Governor and the Insurance Commissioner are ex officio members of the board, the majority of its members are not selected by any State agency. The Secretary of the North Carolina Firemen's Association is an ex officio member of the board. The remaining two members are elected by the Firemen's Association. The two officials of the State constitute a minority of the board members. The secretary and the two members selected by the Firemen's Association control. The duties assigned to the commissioner of Insurance and to the Treasurer appear to be ministrant in character. These officers have no discretion with respect to disbursements. They receive and transmit funds that do not belong to the State and in which the State has no interest, and over which it has no control. The interest or rights of the State must be involved here in order to constitute this an action against the State. "An action against a commission or board

created by statute as an agency of the State *where the interest or rights of the State are directly affected* is in fact an action against the State." (emphasis added) *Prudential Ins. Co. v. Unemployment Compensation Commission,* 217 N.C. 495, 8 S.E. 2d 619. It does not now appear that this is an action against the State. The allegations are sufficient to show the court has jurisdiction of the cause.

The Firemen's Pension Fund Act does not provide machinery by which the payments required under it may be recovered in the event it is determined they are exacted in violation of constitutional guaranties. The plaintiffs' allegations of irreparable injury are sufficient to present that question as one for decision by the court. The Attorney General's brief on behalf of the appellees contains the following frank statement: "Most all taxpayers find themselves in something of the dilemma which is suggested by the plaintiffs here. It is virtually impossible to secure a determination of a sales tax liability, for instance, without going to the same type of trouble and without subjecting one's self to untold complications just as is argued by the plaintiffs now."

We think the Uniform Declaratory Judgment Act provides a means of testing the validity of the statute here called in question. The plaintiffs have appealed to the equitable power of the court to grant relief where a legal remedy does not exist, or is inadequate. "When public officials act in accordance with and under color of an Act of the General Assembly, the constitutionality of such statute may not be tested in an action to enjoin enforcement thereof *unless* it is alleged and shown by plaintiffs that such enforcement will cause them to suffer personal, direct and irreparable injury. *Newman v. Comrs. of Vance, supra,* and cases cited; *Hood, Comr. of Banks, v. Realty, Inc., supra;* also, see *Amick v. Lancaster,* 228 N.C. 157, 44 S.E. 2d 733. The rule as stated was fully recognized, not impaired, in *Summrell v. Racing Asso.,* 239 N.C. 591, 80 S.E. 2d 638, and in *Taylor v. Racing Asso.,* 241 N.C. 80, 84 S.E. 2d 390. It has been frequently pointed out that 'the courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution.' *Turner v. Reidsville,* 224 N.C. 42, 46, 29 S.E. 2d 211; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22." *Fox v. Comrs. of Durham,* 244 N.C. 497, 500, 94 S.E. 2d 482. While the principles of law in the foregoing cases are stated conversely to the propositions here involved, however they are no less authoritative.

We conclude the plaintiffs' allegations are sufficient to require they should be answered to the end the issues thus presented may be heard and passed on by the superior court. In order that neither party may be prejudiced when the case is heard on the merits, we have discussed the facts alleged and the law involved only to the extent deemed neces-

sary for decision on the present appeal. The petition of Charles D. Arthur does not allege facts sufficient to entitle him to intervene as a party plaintiff in this cause and his application to do so was properly denied. The judgment of the Superior Court of Wake County sustaining the demurrer, however, is

Reversed.

WINBORNE, C. J., took no part in the consideration or decision of this case.