103 S.E.2d 344 (1958)
248 N.C. 288
AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK, Great American Insurance Company, Hartford Fire Insurance Company, The Continental Insurance Company, and Virginia Fire & Marine Insurance Company, Original Plaintiffs (and Charles D. Arthur, Intervenor),
v.
Charles F. GOLD, Commissioner of Insurance, Henry L. Bridges, I. Miller Warren, Charles F. Gold, Berry C. Gibson and Curtis H. Flanagan, constituting the Board of Trustees of the North Carolina Firemen's Pension Fund; The North Carolina Firemen's Association; C. R. Puryear and Ray E. Scott, Defendants.
No. 455.
Supreme Court of North Carolina.
April 30, 1958.
Joyner & Howison, W. T. Joyner, Jr., Allen & Hipp, Arch T. Allen, Raleigh, for plaintiffs, appellants.
George B. Patton, Atty. Gen., T. W. Bruton, Asst. Atty. Gen., Ehringhaus & Ellis, Raleigh, for defendants, appellees.
HIGGINS, Justice.
The defendants challenge (1) the right of the plaintiffs to maintain this action; (2) the jurisdiction of the court to hear it; and (3) the sufficiency of the complaint to state a cause of action.
The Uniform Declaratory Judgment Act, Article 26, Chapter 1, provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." G.S. § 1-253. "Any person * * * whose rights, status or other legal relations are affected by a statute * * * may have determined any question or construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder." G.S. § 1-254. "This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights * * * and it is to be liberally construed and administered." G. S. § 1-264. The plaintiffs' allegations (taken as true for the purpose of testing the demurrer), therefore, qualify them as "persons" authorized to bring this action. G.S. § 1-265.
Under the broad terms of the Declaratory Judgment Act the plaintiffs have the right to challenge the constitutionality of the Pension Fund Act in the superior *347 court unless jurisdiction is withdrawn by some contrary provision of law. The defendants contend the plaintiffs cannot maintain this action for that it is in fact against the State and the State has not consented to be sued. At this stage of the proceeding it does not appear that the Board of Trustees of the North Carolina Firemen's Pension Fund is such an agency as rendered this an action against the State. While the Governor and the Insurance Commissioner are ex officio members of the board, the majority of its members are not selected by any State agency. The Secretary of the North Carolina Firemen's Association is an ex officio member of the board. The remaining two members are elected by the Firemen's Association. The two officials of the State constitute a minority of the board members. The secretary and the two members selected by the Firemen's Association control. The duties assigned to the Commissioner of Insurance and to the Treasurer appear to be ministrant in character. These officers have no discretion with respect to disbursements. They receive and transmit funds that do not belong to the State and in which the State has no interest, and over which it has no control. The interest or rights of the State must be involved here in order to constitute this an action against the State. "An action against a Commission or Board created by Statute as an Agency of the State where the interest or rights of the State are directly affected is in fact an action against the State." (Emphasis added.) Prudential Ins. Co. of America v. Powell (Unemployment Compensation Commission), 217 N.C. 495, 8 S.E.2d 619, 622. It does not now appear that this is an action against the State. The allegations are sufficient to show the court has jurisdiction of the cause.
The Firemen's Pension Fund Act does not provide machinery by which the payments required under it may be recovered in the event it is determined they are exacted in violation of constitutional guaranties. The plaintiffs' allegations of irreparable injury are sufficient to present that question as one for decision by the court. The Attorney General's brief on behalf of the appellees contains the following frank statement: "Most all taxpayers find themselves in something of the dilemma which is suggested by the plaintiffs here. It is virtually impossible to secure a determination of a sales tax liability, for instance, without going to the same type of trouble and without subjecting one's self to untold complications just as is argued by the plaintiffs now."
We think the Uniform Declaratory Judgment Act provides a means of testing the validity of the statute here called in question. The plaintiffs have appealed to the equitable power of the court to grant relief where a legal remedy does not exist, or is inadequate. "When public officials act in accordance with and under color of an Act of the General Assembly, the constitutionality of such statute may not be tested in an action to enjoin enforcement thereof unless it is alleged and shown by plaintiffs that such enforcement will cause them to suffer personal, direct and irreparable injury. Newman v. Watkins, supra [208 N.C. 675, 182 S.E. 453] and cases cited; Hood ex rel. United Bank & Trust Co. v. Richardson Realty, Inc., supra [211 N.C. 582, 191 S.E. 410] also, see Amick v. Lancaster, 228 N.C. 157, 44 S.E.2d 733. The rule as stated was fully recognized, not impaired, in State ex rel. Summrell v. Carolina-Virginia Racing Ass'n, 239 N.C. 591, 80 S.E.2d 638, and in State ex rel. Taylor v. Carolina Racing Ass'n, 241 N.C. 80, 84 S.E.2d 390. It has been frequently pointed out that `the courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution.' Turner v. City of Reidsville, 224 N.C. 42, 46, 29 S.E.2d 211, 214; State v. Lueders, 214 N.C. 558, 200 S.E. 22." Fox v. Board of Com'rs for the County of Durham, 244 N.C. 497, 500, 94 S.E.2d 482, 485. While the principles of *348 law in the foregoing cases are stated conversely to the propositions here involved, however they are no less authoritative.
We conclude the plaintiffs' allegations are sufficient to require they should be answered to the end the issues thus presented may be heard and passed on by the superior court. In order that neither party may be prejudiced when the case is heard on the merits, we have discussed the facts alleged and the law involved only to the extent deemed necessary for decision on the present appeal. The petition of Charles D. Arthur does not allege facts sufficient to entitle him to intervene as a party plaintiff in this cause and his application to do so was properly denied. The judgment of the Superior Court of Wake County sustaining the demurrer, however, is
Reversed.
WINBORNE, C. J., took no part in the consideration or decision of this case.