GREAT AMERICAN INSURANCE COMPANY v. SNEED HIGH, COMMISSIONER OF REVENUE, AND EDWIN S. LANIER, COMMISSIONER OF INSURANCE.

AND

EMPLOYERS MUTUAL FIRE INSURANCE COMPANY v. SNEED HIGH, COMMISSIONER OF REVENUE, AND EDWIN S. LANIER, COMMISSIONER OF INSURANCE.

(Filed 18 June, 1965.)

**1. Firemen's Pension Fund Act—**

The 1961 statutes providing for a Firemen's Pension Fund, making a specific line item appropriation to the fund not related to nor dependent upon taxes paid by insurance companies, and levying a tax by act passed in conformity with Art. II, § 14 of the State Constitution are valid, and insurance companies are not entitled to recover amounts paid under protest under the taxing statute. Chapters 833, 980, 783 of the Session Laws of 1961.

**2. Statutes §§ 7, 11—**

Where a statute is void because its machinery violates certain constitutional directives but the statute is within the legislative power to enact, the statute may be amended so as to obviate the constitutional objection and such amendment has the effect of re-enacting the statute with the amendment incorporated in it so that the statute is rendered valid by the amendment so far as its prospective operation is concerned.

APPEALS by plaintiffs from *Copeland, S.J.,* December 1964 Civil Session of WAKE.

Plaintiffs, in 1962 and 1963, reported: "The amounts collected on contracts of insurance applicable to fire and lightning coverage (marine and automobile policies not being included)." G.S. 105-228.5. They paid under protest a tax computed at one per cent on the sums shown in their reports. The tax so paid was in addition to all other taxes imposed by the statute. Their demands for a refund were refused. In apt time, they instituted these actions to recover the sums paid under protest. They base their right to refund on their assertions that there is no valid statute imposing tax liability.

The actions were consolidated for trial. The parties waived jury trial. At the conclusion of plaintiffs' evidence, defendants moved for nonsuit. The motion was allowed. Plaintiffs appealed.

The Attorney General moved in this Court to substitute I. L. Clayton, acting Commissioner of Revenue, for Sneed High, the former Commissioner of Revenue. This motion was allowed April 6, 1965.

*Joyner & Howison; Allen, Steed & Pullen for plaintiff appellants.*

*Attorney General Bruton; Assistant Attorney General Barham for defendant appellees.*

RODMAN, J.   These actions add another chapter in the litigation revolving around the right of the State to appropriate public moneys to a fund created for the purpose of pensioning firemen, and the right of the State to tax insurance companies. Prior cases arising out of legislative attempts to accomplish these purposes are: *Assurance Co. v. Gold, Comr. of Insurance,* 248 N.C. 288, 103 S.E. 2d 344; *Insurance Co. v. Gold, Comr. of Insurance,* 248 N.C. 293, 103 S.E. 2d 348; *Bizzell v. Insurance Co.,* 248 N.C. 294, 103 S.E. 2d 348; *In re Rating Bureau,* 249 N.C. 466, 106 S.E. 2d 879; *Insurance Co. v. Gold, Commissioner of Insurance,* 254 N.C. 168, 118 S.E. 2d 792; *Insurance Co. v. Johnson, Comr. of Revenue,* 257 N.C. 367, 126 S.E. 2d 92.

The cited cases establish legislative authority and limitation on its power. It is now settled law that: (1) The Legislature may appropriate public funds to pension local firemen, employees of State agencies and

subdivisions; (2) the Legislature may not tax a particular class for the sole benefit of a particular group; (3) chs. 1211, 1212 and 1273, S.L. 1959, were in substance a single piece of legislation, attempting to do by indirection that which could not be done directly; (4) the tax authorized by ch. 1211 was intended for the sole benefit of a particular group, collection for that purpose was constitutionally prohibited; (5) the proviso at the end of the Taxing Act (see ch. 1211, S.L. 1959) reading: "provided, that this tax shall not be levied on contracts of insurance written on property in unprotected areas," was not so vague as to render the act void.

Plaintiffs, in *Insurance Co. v. Johnson, Comr. of Revenue, supra,* sought a refund of the taxes paid under the 1959 Act, asserting the Taxing Statute (ch. 1211, S.L. 1959) was void for two reasons: (1) It was too vague to be interpreted; and (2) it was part of a legislative plan to do indirectly that which could not be done directly.

Proponents of legislation to pension firemen convinced the 1961 Legislature that the 1959 statutes should be amended to overcome the objections which insurance companies had advanced to invalidate those statutes. To that end, the 1961 Legislature made these changes in the 1959 statutes relating to the Firemen's Pension Fund: (1) The 1961 Appropriations Act (ch. 833) made a line item appropriation to the North Carolina Firemen's Pension Fund. This appropriation was specific, in no way related to or dependent on taxes paid by insurance companies. The appropriation made by ch. 1273, S.L. 1959, was conditional, expressly dependent on taxes collected from insurance companies.

Ch. 980, S.L. 1961, amended the Pension Fund Act (ch. 1212, S.L. 1959) by deleting § 2, and the other portions of that Act which limited payment to the Pension Fund to collections from insurance companies. Ch. 783, S.L. 1961, amended the Tax Act of 1959 (ch. 1211) by deleting the proviso.

Defendants argued, in *Insurance Co. v. Johnson, Comr. of Revenue, supra,* that the amendments made by the 1961 Legislature validated the tax levy made against plaintiffs under the 1959 Act. We said, in response to that contention: "The legislation enacted in 1961 relating to taxes on insurance companies and pensions for firemen is not relevant to the present controversy. Plaintiffs' rights are to recover the taxes levied and paid under the 1959 statutes."

This action is to recover taxes paid pursuant to the provisions of the Tax Act, as amended in 1961. Plaintiffs contend, since the 1959 Tax Act was void, life cannot be given to it by an amendment. To accept that argument as valid here would do violence to manifest legislative intent, denying to the Legislature the power to act because of a mere formality. It completely overlooks the basic reason which invalidated

the taxing statute. The statute was not void *per se*. It was void only because of association with the other statutes relating to the Firemen's Pension Fund.

The 1961 Acts have totally disassociated taxes on insurance premiums from the appropriation which the State makes to the Firemen's Pension Fund. The appropriation is neither diminished nor increased by the amount received from the tax levied on insurance companies. The appropriation made to that fund stands on an equal footing with all other appropriations.

Ch. 783, S.L. 1961, which amended the Taxing Act (ch. 1211, S.L. 1959), had its origin in Senate Bill 297. When introduced, it was referred to the Committee on Finance. It passed its second and third readings by roll call votes on separate days. When sent to the House, it was referred to the Committee on Finance. It received a favorable report. It passed its second and third readings in the House by roll call votes on separate days. Its passage by the Legislature meets the requirements of Art. II, § 14. of the North Carolina Constitution.

Decisions touching the power of the Legislature to validate an unconstitutional statute by amendment are not in agreement. Whether the Legislature has such power depends, we think, upon the nature of the defect. If the defect is one which cannot be removed by amendment, manifestly, the Legislature cannot validate it. Where the defect is one that can be corrected, the Legislature may do so by referring to the earlier statute, showing its intent to enact a statute which will conform to the amendment. The amendment creates a new statute which operates prospectively. *State v. Moon,* 178 N.C. 715, 100 S.E. 614. This rule has been recognized and applied by this Court. *Reeves v. Board of Education* 204 N.C. 74, 167 S.E. 452; *Range Co. v. Carver,* 118 N.C. 328, 24 S.E. 352. Our holdings accord with the decisions of the majority of the courts.

As stated in 16 Am. Jur. 2d 406: "The true rule seems to be that where a statute is invalid by reason of an absence of power in the legislature in the first instance under the constitution to enact the law, it is not possible for that body to confirm or render the same valid by amendment; but where the obnoxious features of the statute may be removed or essential ones supplied by a proper amendment, so that had the law been primarily thus framed it would have been free from the objections existing against it, then the statute may be rendered valid by amendment, so far as its future operation may extend." Sutherland Statutory Construction, 3rd Ed., Vol. I, § 1904, and 16 C.J.S. 474 draw similar conclusions from decided cases.

It follows that the judgment denying plaintiffs' claim to refund must be, and is

Affirmed.